UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HAO LIU,

                  Plaintiff,

        -v-                  5:21-CV-1111

QBE-COMMERCIAL CHECK
#00361360 IN THE $1,641.00
AND PROCEEDS OF ALL
FUNDS IN JPMORGAN
CHASE BANK OF SYRACUSE
NEW YORK ACCOUNT-NUMBER
XXXXX7005; IN THE NAME
QBE HOLDINGS and $121,970.10
PLUS ACCRUED INVEST
FUNGIBLE INTEREST IN
SPECIALIZED LOAN
SERVICING LLC MORTGAGE
LOAN ACCOUNT-NUMBER
XXXXXX5886 OR SUBSTITUTE
ASSETS THE EQUAL VALUE,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                  OF COUNSEL:

HAO LIU
Plaintiff, Pro Se
1811 Drake Drive
Allen, TX 75002

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

On October 13, 2021, *pro se* plaintiff Hao Liu ("Liu" or "plaintiff") filed this "verified complaint for freeze forfeiture" against two defendant financial accounts. Dkt. No. 1. Plaintiff has filed two motions: the first, entitled "record of expedition application," appears to seek expedited consideration of his pleading while the second, entitled "leave to file freeze forfeiture," appears to seek an order of attachment against certain funds paid to a mortgage servicing company in Colorado. Dkt. Nos. 2, 3. Plaintiff has also filed a proposed "warrant to seize property subject to forfeiture" that names a mortgage loan serviced by the same Colorado entity. Dkt. No. 4.

## II. BACKGROUND

Liu's complaint identifies him as a "United States officer" assigned to the "investigation [and] prosecution [of] public corruption." Compl. at 3.[1] The pleading also references a number of different federal statutes, including the criminal component of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and various provisions of law that permit civil forfeiture. *See generally id.*

---

[1] Pagination corresponds to CM/ECF.

Broadly construed, Liu's complaint alleges that fraudulent or unlawful activity occurred in connection with certain real property located at 1811 Drake Drive in Allen, Texas. Compl. at 8. According to the complaint, some inconsistent entries occurred in connection with the collection of local taxes on the property. *Id*. The complaint alleges that these and other errors occurred as part of a larger conspiracy. *Id*. at 10–13.

## III.  DISCUSSION

Because he is proceeding *pro se*, Liu's complaint "must be held to less stringent standards than a formal pleading drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (cleaned up). As the Second Circuit has repeatedly instructed, a complaint filed *pro se* "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).[2]

Notably, however, Liu is not a newcomer to litigation in federal court. On the contrary, plaintiff has an "extensive history of litigation" in the federal district courts of Texas. *Liu v. Wells Fargo Bank*, 2019 WL 7875056, at *1 (E.D. Tex. Dec. 12, 2019) (Report & Recommendation) (collecting cases). As

---

[2] As mentioned *supra*, Liu has filed several related submissions in support of his claims or in an effort to seek certain forms of relief. Dkt. Nos. 2, 3, 4. These submissions have also been examined in a further effort to determine the nature and sufficiency of plaintiff's claims for relief. *See, e.g.*, *Boguslavsky v. Kaplan*, 159 F.3d 715, 719 (2d Cir. 1998) ("[C]ourts may look to submissions beyond the complaint to determine what claims are presented by an uncounseled party.").

one Texas district judge explained, "[p]laintiff has filed numerous cases in the Eastern District of Texas purporting, in each, to bring claims on behalf of the United States." *Liu v. Wells Fargo Bank*, 2020 WL 467766, at *1 (E.D. Tex. Jan. 29, 2020). Indeed, plaintiff's "abusive litigation practices have led [the Eastern District of Texas], the Northern District of Texas[,] and the Fifth Circuit Court of Appeals to levy sanctions and impose pre-filing injunctions" against him. *Liu*, 2019 WL 7875056, at *1.

In short, Liu is an active *pro se* litigant who has been filing federal court cases for well over a decade. Thus, while he is still entitled to a measure of solicitude, he is entitled to less deference than "would be appropriate for a totally unsophisticated newcomer to federal litigation." *Sawabini v. McConn*, 2021 WL 2142974, at *3 (N.D.N.Y. May 26, 2021).

Even accounting for his *pro se* status, Liu's complaint must be dismissed as frivolous. "A district court has the inherent authority to dismiss an action that lacks an arguable basis either in law or in fact, regardless of whether the plaintiff has paid the filing fee." *MacKinnon v. City of N.Y./Human Res. Admin.*, 580 F. App'x 44, 45 (2d Cir. 2014) (summary order) (cleaned up); *see also LaSpisa v. CitiFinancial Co.*, 2020 WL 2079410, at *3 (N.D.N.Y. Apr. 30, 2020) (Suddaby, J.) ("[W]here (as here) that *pro se* plaintiff is neither a prisoner nor proceeding *in forma pauperis*, a district court may always *sua sponte* dismiss a *pro se* plaintiff's complaint based on frivolousness."); *Bayne*

*v. Health Ins. Portability & Accountability Act*, 2012 WL 119617, at *4 (E.D.N.Y. Jan. 17, 2012) (collecting cases) ("Finally, regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to *sua sponte* dismiss a frivolous case.").

An action lacks an arguable basis in law when it is based on "an indisputably meritless legal theory" or "a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (cleaned up). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

A review of Liu's complaint demonstrates that it is legally and factually frivolous. For example, plaintiff alleges that:

> 14. On the date 11-10-2020 undersigned United States officer being-had-been requesting DEFENDANT-(C) due reviewing to correction its tax local collection revenue transaction disbursements entry inconsistency from property owners tax exemption record entry which indifference underlying the trace evidentiary financing misrepresentations fraudulent theft public fund, this request is excise Court cautioned public corruption offense must be distinguished from state official act honest services.
>
> . . . .
>
> 18. Consolidate the above allegation this subjective matter forfeiture, United States do allege existence

- 5 -

> the evidentiary transaction regarding DEFENDANT-(S) hereby certain agreement in between DEFENDANT-(C), -(W), and -(S) for the engagement in the conduct for illicit benefit, and for received financial, and or economic gain connection to the public theft with corrupt over the Fed-Wire; and further with intention to influence by meaning intentional delay-withdraw-abstention an official act specific and formal exercise of state action and or government conduct said PARAGRAPH #14.

Compl. at 8, 10. To the extent any factual allegations are even discernible from this pleading, they are "wholly incredible, irrational, and/or appear to be the product of delusion or fantasy." *Curmen v. U.S. Gov't*, 2018 WL 2324060, at *3 (E.D.N.Y. May 22, 2018).

Courts routinely dismiss this kind of *pro se* complaint. *Gallop v. Cheney*, 2010 WL 909203, at *5 (S.D.N.Y. Mar. 15, 2010) ("Courts have not hesitated to dismiss complaints asserting delusional claims of conspiracy."), *aff'd*, 642 F.3d 364 (2d Cir. 2011); *cf. Ceparano v. Suffolk Cty.*, 2010 WL 5437212, at *3 (E.D.N.Y. Dec. 15, 2010) ("[P]rolix, unintelligible, speculative complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed in this Circuit.").

For instance, in *Harvey v. Kirk*, the trial court *sua sponte* dismissed as frivolous a *pro se* litigant's claim without leave to amend where the plaintiff alleged that government agents were surveilling and harassing him using

telepathic methods. 2019 WL 5150035, at *4 (N.D.N.Y. May 9, 2019) (Report & Recommendation), *adopted by* 2019 WL 3491264 (N.D.N.Y. Aug. 1, 2019).

District courts elsewhere in this circuit have reached the same conclusion when presented with similar pleadings. In *Raoul v. City of N.Y. Police Dep't*, the trial court dismissed as factually frivolous a fee-paid *pro se* litigant's complaint alleging a "wide-ranging conspiracy" between state and federal agencies that involved a campaign to harass, torture, and harm the plaintiff. 2015 WL 1014204, at *1–*2 (E.D.N.Y. Mar. 6, 2015).

The same is true of *Ciltas v. Wang*, 2020 WL 6146865, at *1 (E.D.N.Y. Oct. 20, 2020). There, the *pro se* litigant alleged that certain named defendants had been trying to murder her for years, had made false statements and hidden cameras in her home and vehicle, and hacked her electronic devices. 2020 WL 6146865, at *1. The court dismissed the claim as frivolous even though the plaintiff had paid the filing fee.

Nor will Liu be given leave to amend. "[A]lthough district courts in this Circuit are generally reluctant to dismiss a *pro se* plaintiff's action without permitting leave to replead, the Second Circuit has explained that it is nevertheless appropriate to do so in cases where it appears that granted leave to amend is unlikely to be productive." *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 303 (N.D.N.Y. 2019) (cleaned up)

That standard has clearly been met. Liu has offered the Court a number of different submissions that purport to support his claims for relief. The Court has reviewed these documents carefully. None of these filings provide even a hint of a non-frivolous claim; instead, they further support the conclusion that plaintiff's claims are irrational. Because the complaint and supporting submissions are devoid of any basis in law or fact, better pleading will not cure the defects. Accordingly, leave to amend will be denied as futile.

## IV.  CONCLUSION

A careful review of Liu's filings in this action reveal that his claims should be dismissed as factually and legally frivolous. *Tyler v.* Carter, 151 F.R.D. 537, 540 (S.D.N.Y. 1993) ("A plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense."), *aff'd*, 41 F.3d 1500 (2d Cir. 1994); *see also Kraemer v. City of N.Y.*, 2020 WL 1974204, at *4 (S.D.N.Y. Apr. 24, 2020) (dismissing as frivolous a fee-paid *pro se* litigant's complaint and denying leave to amend as futile).

As discussed *supra*, Liu's litigation conduct has already led to sanctions and pre-filing injunctions in the Texas federal courts. Plaintiff is warned that the Northern District of New York is no more tolerant of vexatious litigation than the federal courts in Texas. Further frivolous lawsuits filed in this federal judicial district may be referred to the Chief Judge for further

action, including consideration of whether the entry of an anti-filing injunction in this District is also appropriate.

Therefore, it is

ORDERED that

1. Plaintiff's complaint is DISMISSED as frivolous; and

2. The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated: October 15, 2021
       Utica, New York.

David N. Hurd
U.S. District Judge